IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**RONDA NELL BLAYLOCK,**                                    10-CV-6089-BR

        Plaintiff,                                    OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

        Defendant.


**KATHRYN TASSINARI**
**MARK A. MANNING**
Harder, Well, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

        Attorneys for Plaintiff

1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**DAPHNE BANAY**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2531

       Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Ronda Nell Blaylock seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed her applications for SSI and DIB on June 27, 2006, and alleged a disability onset date of January 1, 2004. Tr. 91-98.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on January 15, 2009.  Tr. 17-44.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff and a VE testified.

The ALJ issued a decision on February 9, 2010, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 7-16.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on February 19, 2010, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on March 26, 1962, and was 46 years old at the time of the hearing.  Tr. 20, 45.  Plaintiff has a ninth-grade education.  Tr. 20.  She has past relevant work experience as a housekeeper and production-machine feeder.  Tr. 43.

Plaintiff alleges disability due to "esophageal disorder/hiatal hernia/back/heart murmur" and depression.

---

[1] Citations to the official transcript of record filed by the Commissioner on August 25, 2010, are referred to as "Tr."

3 - OPINION AND ORDER

Tr. 31, 107.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 14.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

5 - OPINION AND ORDER

activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p,

at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not

disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her January 1, 2004, alleged onset date.  Tr. 12.

At Step Two, the ALJ found Plaintiff has the severe impairment of a hiatal hernia.  Tr. 12.  The ALJ found Plaintiff's other impairments are nonsevere.  Tr. 13.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairment did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 20.  The ALJ also found Plaintiff has the RFC to perform "the full range of medium work," to lift and/or to carry 50 pounds occasionally, to lift and/or to carry 25 pounds frequently, to "stand and/or walk and . . . sit about six hours in an eight hour work day," and to push and/or to pull "unlimitedly."  Tr. 13.

At Step Four, the ALJ concluded Plaintiff is capable of performing her past relevant work as a housekeeper or production-machine feeder.  Tr. 15.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 16.

## **DISCUSSION**

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's testimony, (2) improperly rejecting the opinion of Plaintiff's treating physician, (3) failing to find at Step Two that Plaintiff's depression and degenerative disc disease are severe, (4) failing to find at Step Four that Plaintiff's depression and degenerative disc disease are severe, and (5) finding Plaintiff can perform her past relevant work.

**I.   Plaintiff's testimony**.

Plaintiff contends the ALJ erred when he improperly rejected Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,

9 - OPINION AND ORDER

750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable impairment could reasonably be expected to cause some of the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]."  Tr. 14.  Plaintiff reported to Pamela Andresen, M.D., treating physician, on August 21, 2007, that Plaintiff had been working at construction jobs doing "taping" and cleanup and helping with drywall from eight to ten hours per day, for five or six days per week.  Tr. 14, 245.  Plaintiff also stated in August 2007 that she had been helping to care for her grandchildren.  Tr. 14, 245.  In addition, Plaintiff reported to Dr. Andresen on April 1, 2008, that Plaintiff had moved out of her boyfriend's house, was living with her sister, and "would like to try to get employment."  Tr. 14, 242.

The Court concludes on this record that the ALJ did not err when he found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible because the ALJ provided legally sufficient reasons

10 - OPINION AND ORDER

supported by the record for doing so.

**II.  Medical opinion testimony.**

Plaintiff contends the ALJ erred when he improperly gave "little weight" to the opinion of Dr. Andresen, Plaintiff's treating physician.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec.*

11 - OPINION AND ORDER

*Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

On June 10, 2008, Dr. Andresen opined Plaintiff could frequently carry and/or lift less than ten pounds; could stand and/or walk two hours in an eight-hour workday; could sit six hours in an eight-hour workday; could occasionally climb; could never kneel, crouch, or crawl; and should avoid temperature extremes, dust, fumes, and workplace hazards.  Tr. 255-56.  Dr. Andresen found Plaintiff has these limitations based on a diagnosis of "[d]egenerative lumbar disc disease radiation to left leg," unspecified allergies, and Plaintiff's fear of heights.  Tr. 255-56.

The ALJ gave the opinion of Dr. Andresen "little weight" on the ground that "the objective medical evidence, the opinion evidence, and the claimant's own report of her daily activities do not support the degree of limitation indicated by Dr. Andresen."  Tr. 14.  The ALJ, however, did not identify in the record any opinion of a treating or examining physician that contradicts Dr. Andresen's opinion.  Nevertheless, the ALJ adopted the opinion of Mary Ann Westfall, M.D., reviewing physician, in which she concluded Plaintiff has the RFC to lift and/or to carry 50 pounds occasionally, to lift and/or to carry 25 pounds frequently, to stand and/or walk six hours in an eight

12 - OPINION AND ORDER

hour work day, to sit six hours in an eight-hour work day, and to push and/or to pull without limitation. Tr. 217. The ALJ adopted Dr. Westfall's opinion on the ground that "Dr. Westfall has reviewed the medical evidence objectively, and would be unlikely to be sympathetic or prejudiced toward the interests of the claimant." Tr. 14.

As noted, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." In addition, the reason set out by the ALJ for rejecting Dr. Andresen's opinion is unsupported by law. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998)("The ALJ decision cited a general comment made by Dr. Ng that because 'it was the job of the treating physician to be compassionate and supportive of the patient,' the treating physician would have no motivation to discount a patient's complaints. . . . This skepticism of a treating physician's credibility flies in the face of clear circuit precedent."). *See also Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995)("The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of

13 - OPINION AND ORDER

treatment.").

The Court concludes on this record that the ALJ erred when he gave little weight to Dr. Andresen's opinion because the ALJ did not provide legally sufficient reasons supported by the record for doing so.

### III. Past relevant work.

Plaintiff contends the ALJ erred when he concluded Plaintiff can perform her past relevant work as a housekeeper or production-machine feeder.

The Court already has concluded the ALJ erred when he rejected Dr. Andresen's opinion as to Plaintiff's limitations. When "the ALJ fail[s] to provide legally sufficient reasons for rejecting . . . [a] physician['s] opinion[]," the Court credits the opinion as true. *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). Because the Court must credit Dr. Andresen's opinion as true, the Court also concludes the ALJ erred when he found Plaintiff can perform her past relevant work as a housekeeper or production-machine feeder because both of those positions are light-to-medium exertional-level jobs.

### REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or

14 - OPINION AND ORDER

for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary. The ALJ did not engage in any Step-Five analysis, did not ask the VE whether Plaintiff could perform other jobs in the national economy, and did not make any finding as to whether Plaintiff could perform work that exists in the national economy.

Accordingly, the Court remands this matter for further proceedings related to whether, when crediting Dr. Andresen's

15 - OPINION AND ORDER

opinion as true, Plaintiff is capable of performing any jobs in the national economy and ultimately whether Plaintiff is disabled.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 31st day of May, 2011.

---

ANNA J. BROWN
United States District Judge